FILED

JUN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER MIRA, a.k.a. Walter Ernesto Mira Garcia, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72897 <br><br> Agency No. A095-025-405 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Walter Mira, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In his opening brief, Mira failed to raise any substantive challenge to either the agency's determination that his asylum claim was time-barred, or the agency's denial of his withholding of removal claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Finally, substantial evidence supports the agency's denial of CAT relief because Mira failed to establish it is more likely than not he would be tortured by or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Mira contends the agency erred by failing to consider the two articles he submitted regarding gang-related violence and other "human rights problems." We reject this contention because Mira does not point to any information in the articles relevant to his claim that he faces a likelihood of torture with the consent or acquiescence of the Salvadorean government. We also reject Mira's contention that the BIA applied an incorrect standard for government acquiescence.

**PETITION FOR REVIEW DENIED.**